

FILED

SEP - 6 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

MSWS

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

In re                                          )    Case No. 10-29678-E-7
                                               )    Docket Control No. GG-4
BERENICE THOREAU DE LA SALLE                   )
and PIERRE THOREAU DE LA                       )
SALLE,                                         )
                                               )
              Debtors.                         )
_____        )

**This memorandum decision is not approved for publication and may
not be cited except when relevant under the doctrine of law of the
case or the rules of claim preclusion or issue preclusion.**

**MEMORANDUM OPINION DENYING MOTION FOR STAY PENDING APPEAL**

Debtors Berenice Thoreau de la Salle and Pierre Thoreau de la
Salle seek an order staying the enforcement of this court's order
of May 9, 2011, (Dckt. 231) which converted their case from
Chapter 13 to Chapter 7.  In summary, Debtors assert that because
the court had not yet conducted the trial on the pending
consolidated adversary proceeding and objection to claim of U.S.
Bank, N.A, as Trustee, both of which contest U.S. Bank, N.A.'s
asserted ownership and validity of a note secured by the Debtors'
real property, then U.S. Bank did not have standing to bring the
motion to convert or dismiss the Debtors' bankruptcy case.

In the Debtors' interpretation of the Bankruptcy Code and the
Federal Rules of Bankruptcy Procedure, once a debtor files an

objection to a claim, any person attempting to assert rights as a creditor is stripped of standing to raise any issues and take any acts in the bankruptcy case which it believes necessary and proper to protect its asserted rights and interests.  Because the Debtors have failed to demonstrate that they are entitled to a stay pending the results of an appeal, the motion is denied.

### PROCEEDINGS IN THIS BANKRUPTCY CASE

Debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code on April 15, 2010, as unrepresented litigants. U.S. Bank, N.A. filed a timely proof of claim (No. 17) asserting a secured claim of $828,710.32.  Debtors objected to that claim on September 1, 2010, Dckt. 86, and set it for hearing on October 19, 2010.  The Debtors assert that U.S. Bank, N.A. has not established standing to bring the proof of claim and that "the Promissory Note was split from the Deed of Trust, rendering the Note unsecured." Memo. of P&A 4:21-22, Dckt. 88.

Seven days before the hearing on their objection, Debtors filed an adversary proceeding, No. 10-02642-E.  The complaint for the adversary proceeding sought a declaration that the trust deed was defective and to then quiet title in favor of Debtors.[1]  At the first hearing on the objection to claim, the court noted that the objection and the adversary proceeding appeared to raise essentially the same issue. Tr. 2:15-21, Dckt. 140.[2]  The court

---

[1]  As further addressed in this ruling, the filing of this adversary proceeding is necessary pursuant to Federal Rule of Bankruptcy Procedure 3007(b), as the Debtors demand relief of the kind specified in Federal Rule of Bankruptcy Procedure 7001.

[2]  The transcript reads:

THE COURT: Thank you.

continued the hearing to review the complaint and consider the objection in light of Debtors' adversary proceeding. *Id.* at 5:1-9.[3]

At the continued hearing in November, the court determined that consolidation of the objection to claim and the adversary proceeding was appropriate since they raised the same basic issues. Civ. Min., Nov. 30, 2010, Dckt. 146; Tr. 13:6-11, Dckt. 170.[4] Thereafter, the hearing on the objection to claim was continued to be heard in conjunction with the status conference in the adversary proceeding. *See* Civ. Min., Nov. 30, 2010, Dckt. 146; Civ. Min., Feb. 22, 2011, Dckt. 194; Civ. Min., Mar. 3, 2011, Dckt. 196; Civ. Min., Mar. 29, 2011, Dckt. 212; Civ. Min., May 3, 2011, Dckt. 232.

At the same time, U.S. Bank, N.A. filed two motions to dismiss the bankruptcy case. The first was denied on procedural grounds.

---

And just looking with respect to the -- we'll start with 126, which is objection to the claim of U.S. Bank. Our tentative is to continue the hearing and it is tied into the adversary proceeding. Then we have to continue also the hearing on the confirmation. It's kind of part and parcel of everything.

[3]  The transcript reads:

THE COURT: I'm going to continue these two out a month and then I'm going to bring you in on the adversary in a month, so I will have a chance to read the adversary considering. [sic] In light of these and in light of the plan, we will have a special interim status conference so that we all understand what is going on and who's actually raising what claims and when, because I have a proof of claim from U.S. Bank. You have filed an objection to it.

[4]  The transcript reads:

THE COURT: . . .

I will go ahead and consolidate any objection to claim into the adversary proceeding. What I will do is continue the -- continue these to the same hearing date and ask everyone to put their thinking cap on with respect to any special twist to consolidating the two. I will go back and look....

3

Civ. Min., Jan. 18, 2011, Dckt. 179.  U.S. Bank's second motion to dismiss or convert was heard on March 29, 2011.  The court continued the hearing to afford Debtors' newly retained counsel an opportunity to file an amended, confirmable Chapter 13 plan. Civ. Min., Mar. 29, 2011, Dckt. 208.  When Debtors and their counsel failed to do so, the court granted the motion to dismiss or convert and determined that conversion to Chapter 7 was in the best interest of creditors and the estate. Civ. Min., May 3, 2011, Dckt. 230.  The court entered its order converting the case on May 9, 2011.  Debtors appealed and this motion followed.

In granting the motion and converting the case, the court issued a three-and-one-half page written decision constituting the court's findings of fact and conclusions of law.  *See* Civ. Min., May 3, 2011, Dckt. 230.  The findings note the appearance of George Ginko, Esq., at the prior March 3, 2011 hearing on the motion. Mr. Ginko advised the court at the prior hearing that he was substituting in as counsel for the Debtors in the Adversary Proceeding.  The court explained to Mr. Ginko, as it has previously to these Debtors and counsel and other debtors and their respective counsel in other cases, that using the automatic stay in lieu of a Federal Rule of Civil Procedure 65 preliminary injunction may be proper when it is part of a properly prosecuted, confirmable Chapter 11, 12, or 13 plan.[5]  This requires properly providing for

---

[5]  The court recognizes that by the time a consumer files bankruptcy, it is likely that they do not have sufficient liquid assets to obtain a litigation bond.  Requiring the debtor to provide for the plan with the regular monthly payments, which are held by the Chapter 13 Trustee or in a blocked account pending resolution of the adversary proceeding, the debtor is able to self fund a cash bond. Upon completion of the litigation the monies can then be disbursed to the creditor, the estate, or used to pay the damages awarded pursuant to Rule 65(c), if appropriate.

the claim, whomever is the creditor, pending resolution of the litigation.

In that ruling, the court addressed both the standing question and the substantive issues concerning whether this case should be converted or dismissed.  Upon determining that there was standing for presenting the motion to convert or dismiss, the court concluded that given the Debtors repeated failure to propose a plan which was confirmable, even with the representation of counsel, conversion was proper.  The court further concluded that any purported "reorganization" by these Debtors was a sham by which these Debtors were attempting to improperly use the automatic stay as a litigation injunction without fulfilling their obligations to proceed with a reorganization under the Bankruptcy Code.

When the court ordered the case converted on May 3, 2011, the court removed the motion for summary judgment scheduled for May 17, 2011, from calendar.  With the conversion, the Chapter 7 Trustee succeeded as the fiduciary and representative of the Bankruptcy Estate asserting interests superior to that of U.S. Bank, N.A.  The hearing was removed from the calendar to allow the Chapter 7 trustee to evaluate the case and determine whether he or she wished to proceed with the motion, engage the Debtors' litigation counsel as special counsel, or obtain other counsel.  The court did not enter any adverse rulings to the interests of the Estate, or any of the interests originally asserted by the Debtors in the Adversary Proceeding and Objection to Claim.

**ANALYSIS**

Debtors advance a novel legal theory that once a debtor objects to a proof of claim, the creditor asserting the claim loses

all right and ability (stated by the Debtors as "standing") to assert or contest any other matter. Based on this theory, the Debtors argue that the Bankruptcy Appellate Panel of the Ninth Circuit will likely reverse the court's order converting the case because U.S. Bank, N.A. ability to act to protect or assert any alleged rights or interests have been suspended by the Debtors' objection to claim. This court rejects such contention that one party to a bankruptcy case or adversary proceeding has the right and power to render their adversary legally impotent in this situation.

An appellant seeking a discretionary stay pending appeal under Bankruptcy Rule 8005 must prove:

> (1)  appellant is likely to succeed on the merits of the appeal;
>
> (2)  appellant will suffer irreparable injury;
>
> (3)  no substantial harm will come to appellee; and
>
> (4)  the stay will do no harm to the public interest.

*Schwartz v. Covington*, 341 F.2d 537 (9th Cir. 1965). "The party moving for a stay has the burden on each of these elements." *In re Shenandoah Realty Partners, L.P.*, 248 B.R. 505, 510 (W.D. Va. 2000). "Movant's failure to satisfy one prong of the standard for granting a stay pending appeal dooms the motion." *In re Deep*, 288 B.R. 27, 30 (N.D.N.Y. 2003) (citations omitted).

**I.  Likelihood of Success on the Merits - U.S. Bank, N.A. Could Not File a Motion to Convert or Dismiss.**

Debtors contend that due to this court's "clear" misinterpretations, there is a strong likelihood they will succeed

on their appeal, satisfying the first prong of the standard for a
Stay Pending Appeal:

    1.    Debtors argue that since they properly objected to U.S.
        Bank, N.A.'s claim under 11 U.S.C. § 502(a) and (b)(1),
        the claim lost its allowed status pending a hearing and
        a hearing on the standing objection which is part of the
        consolidated adversary proceeding-objection to claim,
        never occurred.

    2.    Debtors contend that the court erroneously held that
        under 11 U.S.C. § 502(c), notwithstanding an objection to
        a claim which is part of an adversary proceeding, such
        claim can be provided for in the plan by permitting the
        court to estimate the value of the claim. Rather,
        Debtors contend that for 502(c) to apply, the court must
        first determine if U.S. Bank has an allowed claim, which
        the court has not yet done. Debtors also argue that
        estimation under 502(c) only applies to contingent or
        unliquidated claims and U.S. Bank's claim is neither.

    3.    Debtors also argue that their Objection to U.S. Bank's
        claim should have been determined early on in the
        proceedings, before the court heard U.S. Bank's Motion to
        Dismiss or Convert. They allege that they provided a
        timely and feasible plan that was not confirmed because
        of the court's misinterpretation of the statutes and that
        they have been making monthly payments according to their
        Second Amended Plan. They contend, therefore, that any
        delay in the proceedings was caused by the court.

U.S. Bank, N.A. disputes that Debtors have satisfied the first
prong. It contends that Debtors failed to show they will succeed
on the merits of the appeal because they seek to appeal this
court's decision using their own erroneous interpretation of
11 U.S.C. § 502. U.S. Bank, N.A. argues that Debtors incorrectly
interpret § 502 to mean a claim is automatically disallowed upon a
party in interest's objection. However, U.S. Bank, N.A. notes that
this court rejected this notion in its order converting the case.
Civ. Min., May 3, 2011, Dckt. 230.

U.S. Bank, N.A., citing *In re Argiannis*, 156 B.R. 683 (M.D.
Fla. 1993), contends that upon an objection being filed, it is up
to the court's discretion to determine the validity of a claim.

U.S. Bank, N.A. also asserts that while Debtors attempt to challenge the creditor's claim, they have done nothing to dispute the validity of the Deed of Trust and Note or make any payments on the Note, missing 14 post-petition payments totaling $62,435.21. Even if it is found that it does not own the note, U.S. Bank, N.A. argues some entity does and the Debtor's plan must provide for payments to be held and then disbursed to that creditor. U.S. Bank, N.A. asserts that the Debtors cannot just refuse to provide for the claim in the plan on the bare assertion that they don't owe it.

U.S. Bank, N.A.'s argument is not only more persuasive on its face, but supported by the Bankruptcy Code and case law. It is settled law in the Ninth Circuit that the party objecting to a proof of claim has the burden of presenting substantial factual basis to overcome the prima facie validity of a proof of claim and the evidence must be of probative force equal to that of the creditor's proof of claim. *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991); *see also United Student Funds, Inc. v. Wylie (In re Wylie)*, 349 B.R. 204, 210 (B.A.P. 9th Cir. 2006). This presumption — even in the face of an objection — undercuts Debtors' assertion that an objection to a proof of claim *necessarily* deprives the subject creditor of all standing.

Merely because an objection to claim has been filed, the proof of claim is not extinguished, nor is the creditor stripped of his status as a creditor asserting a claim in the case. A bare objection to a claim is insufficient to overcome the prima facie evidence of the validity of the claim.

The proof of claim, if filed in accordance with section 501 and the pertinent Bankruptcy Rules, constitutes prima facie evidence of the validity and amount of the claim under Federal Rule of Bankruptcy Procedure 3001(f) and Code section 502(a). Unless the trustee, as objector, introduces evidence as to the invalidity of the claim or the excessiveness of its amount, the claimant need offer no further proof of the merits of the claim.

When a party objects within the procedural guidelines of Rule 9014, that party carries the burden of going forward with evidence concerning the validity and the amount of the claim. The trustee bears the burden of proving any affirmative defenses, such as the statute of limitations, usury, a transfer to the creditor constituting a voidable preference or a fraudulent conveyance and any setoff or counterclaim. As an illustration, the Court of Appeals for the Third Circuit held in *Mellon Bank, N.A. v. Metro Communications, Inc.* that it was error for a bankruptcy court to require a secured creditor to prove that its security interest was not a voidable preference under section 547 in order to establish its secured status. Rather, once the secured creditor showed its properly filed financing statements, it had established a prima facie secured claim.

If the trustee succeeds in overcoming the prima facie effect given to the claim, the ultimate burden ordinarily remains on the claimant to prove the validity of the claim by a preponderance of the evidence. The effect of this principle is to return the burden from the objecting party to the claimant. However, the Supreme Court in *Raleigh v. Illinois Department of Revenue* held that "the burden of proof is an essential element of the claim itself; one who asserts a claim is entitled to the burden of proof that normally comes with it." Thus, the claimant does not have the burden of proof if the claimant did not have it outside of bankruptcy. According to the Court, the ultimate burden of proof for a particular claim will be based on nonbankruptcy law.

4 COLLIER ON BANKRUPTCY ¶ 502.02[f] (Alan N. Resnick & Henry J. Sommer eds. 16th ed.), footnotes omitted.

While the court must eventually render a ruling on the objection, the delay that Debtors complain of here was of their own creation — they rased issues as an objection to claim which must be prosecuted as an adversary proceeding. The validity of the claim continues until the objecting party produces evidence sufficient to

negate the *prima facie* validity of the proof of claim.    *In re*
*Allegheny International, Inc.*, 954 F.2d 167, 173-74 (3rd Cir.
1992).  Once sufficient evidence has been produced by the objecting
party, then the burden shifts to the creditor to prove the validity
of the claim by a preponderance of the evidence.    *Id.*    *See Lundell*
*v. Anchor Const. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035,
1039 (9th Cir. 2000).

The Debtors argue that by filing an objection to the proof of
claim, then the prima facie value is destroyed, the claim is not
deemed allowed, and the lien is void.  This clearly is not the law.
Even when an objection is filed, it continues to be prima facie
evidence of the claim, unless and until the objecting party
presents sufficient evidence to negate the claim.    *In re Fullmer*,
962 F.2d 1463, 1467 (10th Cir. 1992).  Merely because 11 U.S.C.
§ 502(a) states that a claim is *deemed allowed* unless an objection
is filed, the objection does not destroy the claim or lien securing
the claim.

The Debtors' arguments also ignore the plain language of the
Bankruptcy Code defining the terms "claim" and "creditor."    A
"creditor" is an entity that has a claim against the debtor which
arose before the bankruptcy case.  11 U.S.C. § 101(10).  A "claim"
includes a "right to payment, whether or not such right is reduced
to judgment, liquidated, unliquidated, fixed, contingent, matured,
unmatured, disputed, undisputed, legal, equitable, secured or
unsecured, . . . ."    *Id.* at § 101(5)(A). The fact that the Debtors
dispute the claim does not prevent U.S. Bank, N.A. from being a
creditor asserting a claim in this case.

The Debtors further ignore 11 U.S.C. § 1307(c), which provides that a motion to dismiss or convert may be brought by a party in interest or the United States Trustee.   The term "party in interest" is not statutorily defined.  11 U.S.C. § 1109 references the term, stating, "A party in interest, **including** the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indentured trustee, may raise and appear and be heard on any issue in a case under this chapter [11]."   Emphasis added.   As used in this context, the term party in interest is not merely limited to a "creditor" whose claim is not subject to an objection.   As discussed by the Ninth Circuit, an entity with a direct legal interest in the case is a party in interest.   *In re Co. Petro Marketing Group, Inc*, 680 F.2d 566 (9th Cir. 1982).   The use of the term "party in interest" by Congress is rooted in the notions of due process and fair play, allowing those who assert interests which may be affected by the bankruptcy participation in the case. *In re Marin Motor Oil, Inc.*, 689 F.2d 445, 457 (3rd Cir. 1982).   A party in interest includes a person with a direct financial stake in the outcome of the case, as well as a person with a significant legal stake in the case. *Brown v. Sobczak (In re Sobczak)*, 369 B.R. 512, 517-518 (B.A.P. 9th Cir. 2007); 7 COLLIER ON BANKRUPTCY ¶ 1109.02 (Alan N. Resnick & Henry J. Sommer eds. 16th ed.).   *See also Torres Martinez v. Arce (In re Torres Martinez)*, 397 B.R. 158, 164 (B.A.P. 1st Cir. 2008), holding that even after a proof of claim is disallowed, the claimant remains a party in interest; and *In re Lundahl*, 307 B.R. 233, 240-241 (Bankr. D. Utah 2003), holding that defendants in an adversary proceeding commenced by the debtor were

parties in interest for the purposes of 11 U.S.C. § 1307(c). U.S. Bank, N.A. has both a financial and legal stake in the outcome of this bankruptcy case.

The Debtors have failed to show a likelihood of success on the merits with respect to the contention that U.S. Bank, N.A. lost its status as a creditor or was not a party in interest for purposes of bringing the motion to convert or dismiss the bankruptcy case.

## II.    Likelihood of Success on Merits – Debtors' Failure to Prosecute Bankruptcy Case

In considering this Motion, the court focuses on the grounds for which the conversion was granted: failure by the Debtors to prosecute a confirmable plan in this case.[6]  A Chapter 13 case is not merely a proceeding in which the Debtors may use the automatic stay in lieu of properly obtaining a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 and Federal Rule of Bankruptcy Procedure 7065 and ignore the requirements to properly provide for  a claim through the bankruptcy plan.

The Debtors' contend that no action should have been taken concerning the failure of the Debtors to properly prosecute a Chapter 13 Plan until after the Debtors complete the prosecution of their Adversary Proceeding and Objection to Claim.  To accept this argument turns a Chapter 13 reorganization on its head.  By this interpretation of the bankruptcy process, a debtor would not need to propose any plan, but merely state that he or she disputes a

---

[6]  Prosecuting a confirmable Chapter 13 Plan is a term used by this court to mean that the Debtors advance a plan which complies with the Bankruptcy Code, including the provisions of 11 U.S.C. §§ 1322 and 1329.  While the Debtors may advance novel theories for good-faith extensions or reversal of existing law, consistent with Federal Rule of Bankruptcy Procedure 9011, they cannot merely ignore the requirements of the Bankruptcy Code.

claim and thereby obtains a free injunction (through the automatic stay) to use in any adversary proceedings against the disputed creditors, ignoring the outstanding claim.  Thus, by the Debtors' interpretation there need be no reorganization and the Bankruptcy Code may properly be used as a free standing litigation device to circumvent the requirements of Federal Rule of Civil Procedure 65.  Though grounds may exist for the automatic stay to be applied through a Chapter 11, 12, or 13 plan to stay litigation which affects property of the estate and claims to be administered in the bankruptcy case, the proffered misuse of the stay in this case with the Debtors prosecuting a confirmable plan is improper.

The Supreme Court has put squarely in front of each bankruptcy judge the duty to make sure that if a plan is confirmed, that plan complies with the Bankruptcy Code.  Though the Debtor, Trustee, U.S. Trustee, creditors, nor parties in interest may raise the issue, the court has an independent duty to make certain that the requirements for confirmation have been met.  *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. ___, 130 S. Ct. 1367, 1381 n.14, 176 L. Ed. 2d 158, 173 n.14 (2010); *see also In re Dynamic Brokers, Inc.*, 293 B.R. 489, 499 (9th Cir. B.A.P. 2003) (citing *Everett v. Perez (In re Perez)*, 30 F.3d 1209, 1213 (9th Cir. 1994)).  A debtor does not have the luxury of proposing a plan with whatever terms they want and have it confirmed "by default" if no opposition is filed or the debtor has objected to the creditor's claim and asserts that the creditor is not allowed to raise any objection to the proceeding.

In the present case, the Debtors assert that they do not have to provide for the obligation as stated in the Note because by the subsequent transfer and negotiation of the promissory note by the original lender and subsequent owners of the note, there is evidence the repayment of the monies they borrowed and that the deed of trust has become severed from the note and rendered unenforceable.   They  also argued that they do not know who owns the note secured by the deed of trust, so they elect to deem that it has escheated to the State of California.   Therefore, they can determine what payments, if any, need to be made to confirm a plan. These issues to determine the interests in, ownership of, and validity, extent, and priority of the note and deed of trust, which must be determined through the Adversary Proceeding commenced by the Debtors.   Fed. R. Bankr. P. 7001.

The Debtors' contention that a severance of the Deed of Trust from the Note has made it unenforceable is contrary to well established law.   In California a deed of trust does not have an identity separate and apart from the note it secures.   The note and the mortgage are inseparable; an assignment of the note carries the mortgage with it. *Henley v. Hotaling*, 41 Cal. 22, 28 (1871); *Seidell v. Tuxedo Land Co.*, 216 Cal. 165, 170 (1932); Cal. Civ. Code § 2936.   Therefore, if on party receives the note an another receives the deed of trust, the holder of the note prevails regardless of the order in which the interests were transferred. *Adler v. Sargent*, 109 Cal. 42, 49-50 (1895).   The Debtors have not provided the court with any authority to overturn what has been California law for more than one hundred and forty years.   Thus,

14

even if U.S. Bank, N.A. is not the note holder, there is a secured claim that must be provided for in the plan.

The original Chapter 13 Plan filed by the Debtors on April 29, 2010, Dckt. 13, makes no provision for payment of the note which US Bank, N.A. asserts it owns and is secured by the Debtors' residence. The Debtors acknowledge that there is a note and deed of trust, but the plan states that no payments will be made until some future, undetermined date. Confirmation of the first proposed plan was denied on July 15, 2010. Dckt. 73. The court's findings and conclusions, Civil Minutes of July 6, 2010 hearing, denied confirmation because of inadequate service, specifically service on the Internal Revenue Service which asserts a priority claim in this case. The court did not rule on the merits of the motion in the holding.

The Debtors filed a new and properly noticed motion for confirmation of their proposed Plan. The court denied this motion by order entered on the docket April 4, 2011. In the court's ruling, *See* Civil Minutes March 29, 2011, the court sustained the Chapter 13 Trustee's objection to confirmation based on the plan failing to properly provide for payment of the claim secured by their residence. U.S. Bank also objected, asserting that it was the creditor holding the secured claim, and the secured claim was not properly provided for in the proposed plan.

As the Debtors and counsel know, 11 U.S.C. § 1325(a)(5) requires that the plan provide for payment of the secured claim in an amount equal to the claim, unless the consent of the creditor is obtained or the collateral is surrendered. Here no consent was obtained. Given that the Debtors contend that U.S. Bank, N.A. is

not the owner of the Note, the court cannot imply consent through
no opposition because the Debtors cannot represent to the court
that they have served the owner of the Note with proposed
treatment.

Debtors and their counsel continue to ignore the requirements
of 11 U.S.C. § 1322(b)(2) which prohibits a debtor from modifying
the rights of a creditor whose claim is secured only by the
debtor's residence, unless that creditor consents.    The Code
provides:

> (b) Subject to subsections (a) and (c) of this section,
> the plan may –
>
>     . . .
>
>     (2) modify the rights of holders of secured claims,
> other than a claim secured only by a security interest in
> real property that is the debtor's principal residence,
> or of holders of unsecured claims, or leave unaffected
> the rights of holders of any class of claims.

11 U.S.C. § 1322(b).  This limitation is also applicable in Chapter
11 cases. *See* 11 U.S.C. § 1123(b)(5).  The Debtors instead have
taken the position that they do not need to make any provision for
payment of this claim or they may do so in such lesser amount then
provided in the contract so long as they dispute the claim of U.S.
Bank, N.A.

Current counsel for the Debtors was present in court when the
issue of properly prosecuting a Chapter 13 case was addressed not
only in this case, but several other cases.  Counsel advised the
court that he clearly understood that the Debtors needed to
prosecute a plan that provided for the claim, even if the monthly
mortgage payments and arrearage payments would be held by the
Chapter 13 Trustee or in a blocked account until it was ultimately

determined who is the creditor entitled to receive payments on the secured claim.

The substance of the Debtors' argument on the plan issue is that since they have filed an objection to the proof of claim filed by U.S. Bank, then the claim is not deemed allowed pursuant to 11 U.S.C. § 502(a). Because the claim is not deemed allowed, then 11 U.S.C. § 506(d) renders the deed of trust void. The Debtors then conclude that they can ignore the claims secured by the deed of trust and U.S. Bank, N.A in any plan. Unfortunately, this analysis ignores the Supreme Court's ruling in *Dewsnup v. Timm*, 502 U.S. 410 (1992) holding that section 506(d) does not render a lien void merely because the debtor obtains a bankruptcy discharge. Further, it preserved the pre-Bankruptcy rulings that a creditor does not even have to file a claim for its lien to be preserved in a bankruptcy proceeding. In *Nobelman v. American Savings Bank*, 508 U.S. 324 (1993), the Supreme Court followed up on its holding in *Dewsnup*, ruling that 11 U.S.C. § 1322(b)(2) precluded a debtor in a Chapter 13 case from partially voiding a lien which was secured by the debtor's residence. Given that the identical language exists for Chapter 11 cases, there is no reasonable doubt that the same requirements exist for the Chapter 11 debtor.

Whether in Chapter 13 or Chapter 11 — to which the Debtors sought to convert the case — the Debtors must provide for this claim until it is determined that no claim exists, the creditor consents, or the collateral is surrendered. To do so the plan must provide for making the current mortgage payments and the cure of any arrearage. Then, in the protection of a bankruptcy plan and the automatic stay, the Debtors can litigate their issues

17

concerning whether the existing note and deed of trust have been extinguished, destroyed, or otherwise terminated. Conversely, if the Debtors do not want to comply with the Bankruptcy Code, then they may commence suit in a court of competent jurisdiction and seek a preliminary injunction preventing U.S. Bank, N.A. from asserting rights under the Note and Deed of Trust.

In this bankruptcy case the Debtors and their counsel are in the driver's seat and may navigate this case as a Chapter 13, Chapter 11, or Chapter 7. If they wish to propose a confirmable plan, they may seek to re-convert this case to one under Chapter 13 or Chapter 11. Reconversion may be done relatively quickly, requiring only that they draft a confirmable plan and provide evidence to the court that they intend to prosecute confirmation of that plan in good faith.

In this case, the Debtors failed to prosecute a confirmable plan both prior to and after obtaining representation of counsel. Before converting the case, the court not only carefully considered the Debtors' efforts at reorganization, but provided the then *pro se* Debtors a clear articulation of this court's understanding of the law and what must be done to prosecute a confirmable plan. Consideration of conversion of the case was further continued when the Debtors obtained counsel to afford them the benefit of such representation. This case was not converted until more than a year into this case and after numerous hearings.

The Debtors have not shown a likelihood of prevailing on the appeal of the order converting the case which was based on the Debtors' failure to prosecute a Chapter 13 reorganization. This factor does not support grating the motion.

**III.   No Irreparable Injury To the Debtors**

To satisfy the second prong of the standard, Debtors argue that a liquidation under Chapter 7 would irreparably injure Berenice de la Salle's ability to provide for herself and her disabled husband.   Debtors contend that without a stay, the Chapter 7 liquidation would progress until all Debtors' assets were gone and it would be "virtually impossible" to reassemble them, making Debtors' appeal moot.

In opposition, U.S. Bank argues that Debtors failed to provide any evidence or case law to support that they will suffer irreparable harm.   Rather, U.S. Bank argues that Debtors are actually receiving a benefit since they have not made a mortgage payment since November 2008.   Further, U.S. Bank argues that any harm that Debtors do suffer is a result of Debtors' own conduct as Debtors have been given numerous opportunities to present a confirmable plan but have repeatedly failed to do so.   U.S. Bank also refutes Debtors contention that denial of the stay would result in the immediate liquidation of their assets.   It argues that Debtors will still have the protection fo the automatic stay and still have the opportunity to discharge some debts.

The Chapter 7 Trustee held the first meeting of creditors on June 17, 2011.   The Chapter 7 Trustee continued the meeting and then  issued a Notice of Assets on June 21, 2011.   It appears that some of Debtors' nonexempt assets may be liquidated by the Trustee. However, Debtors' use of hyperbole undercuts their argument. Debtors have claimed exemptions to which no objections have been raised and the Trustee's administration of the estate will not deprive them of their exempt assets.   The Debtors do not address

how a Chapter 7 Trustee cannot or will not enforce any bona fide rights and interests of the Estate. If the Estate is able to prevail against whomever the creditor is for this claim and the Deed of Trust is determined to be invalid, the Trustee can recover the value of the property, provide the Debtors with their exemption claimed to be $150,000.00 on Amended Schedule C, and distribute the balance of the value, projected to be $422,000.00 based on the $572,000.00 value stated by the Debtors on Amended Schedule A. Dckt 82. However, if the Deed of Trust is avoided pursuant to 11 U.S.C. §§ 544, 547, or 548, then the Trustee may well be able to recover the entire $572,000.00 for the creditors since the avoided lien or interest is preserved for the Estate and can be asserted against the homestead exemption.

Nor have Debtors offered any evidence of how an orderly liquidation of the Estate creates prejudice, beyond that of any other Chapter 7 debtor. They argue their car will be repossessed, their home will be foreclosed upon, their homestead exemption will evaporate, their back taxes will become immediately due, and their credit will prevent them from finding a new place to live. While Debtors correctly state that their rights in administering the assets of the estate in a Chapter 7 case are limited, the motion and reply fail to show how even with these limited administrative rights these proffered calamities are a foregone conclusion. These arguments could be asserted by every debtor in every Chapter 7 case. If the trustee proceeds with the administration of the case and the Bankruptcy Code and applicable state law are properly applied, the pre-bankruptcy status quo maintained by the debtor will be disrupted. Enforcement of the respective rights,

interests, and obligations of debtors, trustee, and creditors is not a valid basis for the court ignoring the Bankruptcy Code and preventing the proper administration of a bankruptcy case.

The Debtors have not shown any basis for this court to conclude that the Chapter 7 Trustee, as the fiduciary of the Bankruptcy Estate, will not be able to properly advance and assert the rights of the Estate.  Though the Debtors assert an exemption in this real property, such exemption does not remove this real property from the bankruptcy estate.  *Gebhart v. Gaughan (In re Gebhart)*, 621 F.3d 1206, 1210-11 (9th Cir. 2010).  At best, the Debtors' argument is that the Chapter 7 Trustee would assert the rights of the Estate in a manner and extent which are different from that chosen by the Debtors and their counsel.  The Debtors do not have the unilateral right to dictate how the fiduciaries to the Estate enforce the rights of the Estate.

Further, the Debtors had and have the ability to properly advance a bankruptcy reorganization.  They may seek to re-convert the case to Chapter 13 or Chapter 11 based upon the presentation of a good faith plan which complies with the Bankruptcy Code, to propose.  This factor does not support the granting of the motion.

**IV.  Substantial Harm to Appellee**

Debtors then argue that no substantial harm would befall U.S. Bank, N.A. if the stay was granted since (1) Debtors maintain insurance upon the property that protects the asset and (2) the property provides sufficient surety for granting the stay without needing to post a bond.  Further, Debtors contend that since U.S. Bank, N.A. has failed to show how they gained control of the Note

from the original creditor, any postpetition payments lost or other consequences are a result of U.S. Bank's own negligence.

U.S. Bank also asserts that they will suffer substantial harm if the stay is granted. Relying on *In re Cockings*, 172 B.R. 257, 262 (E.D. Ark. 1994), it argues that the longer this process is drawn out, the greater the harm to the parties involved. According to U.S. Bank, to grant a stay would allow Debtors to continue to not make payments on the Note.

Debtors' argument presupposes their success on the merits of the adversary proceeding and claim objection that the note and the trust deed were separated which some how destroyed the security interest[7] and that U.S. Bank, N.A. cannot produce evidence that it is the owner of the note.  The Debtors fail to account at all for the substantial prejudice U.S. Bank, N.A. suffers as it is delayed in enforcing its rights.  Rather, Debtors wish to choose their creditor — the State of California as it turns out, *see* Proof of Claim No. 19 — and say that they will pay that absent, specially-chosen creditor according to whatever terms, at whatever time, and in whatever amount the Debtors conclude is fair.

Debtors cannot, as they have attempted in this case, to camp out non-productively in a Chapter 13 bankruptcy and use the automatic stay as a litigation injunction, in lieu of complying with Federal Rule of Civil Procedure 65[8] while they fail to

---

[7] As discussed, *supra*, California law clearly prevents this scenario. *Henley v. Hotaling*, 41 Cal. 22, 28 (1871); *Seidell v. Tuxedo Land Co.*, 216 Cal. 165, 170 (1932); Cal. Civ. Code § 2936.  The Debtors have not offered the court any authorities contrary to this well-established California law.

[8] Federal Rule of Civil Procedure 65 provides the requirements by which a litigant obtains injunctive relief, including enjoining a foreclosure sale or unlawful detainer, whether by temporary

reorganize in good faith.  A Chapter 13 reorganization provides a debtor with significant benefits and tools to restructure his or her obligations.  It also imposes basic obligations on the debtor to properly prosecute the case, provide for payment of creditor claims as required under the Bankruptcy Code, and comply with applicable nonbankruptcy law.

However, the Debtors seek the benefit of the automatic stay in a Chapter 13 case, but eschew making provision for payment of their debts.  The Plan as proposed by the Debtors does not properly provide for payment of the claim secured by the real property.  The Debtors appear to be blinded by their belief that they cannot be wrong, and therefore no thought must be given to the claim in this case.  This factor also weighs against granting the motion.

## V.    The Public Interest

In response to the fourth and final prong of the standard for a Stay Pending Appeal, Debtors argue that the case is a purely private matter and that none of the matters at issue have anything to do with the public interest. U.S. Bank, N.A. does not dispute this argument. However, neither party addresses the issue of the

---

restraining order, preliminary injunction or permanent injunction. Even though the litigant seeking a temporary restraining order or preliminary injunction must show a likelihood of prevailing, Fed. R. Civ. P. 65(c) provides for the court to require a bond to address damages which may be incurred by the defendant if it is subsequently determined that the injunctive relief was not proper.  The Bankruptcy Coude was not exacted as a replacement Rule 65 as a free litigation injunction, though the Federal Rules of Bankruptcy Procedure allows the court to waive the bond requirement for a debtor, trustee, or debtor in possession.  This has led the court to fashion the reorganization plan process whereby a debtor funds the plan with the current and arrearage payments for the disputed secured claim, with the monies held until the underlying dispute is resolved.  Such is consistent with both the Bankruptcy Code and the well established law relating to litigants obtaining preliminary injunctive relief.

proper application of the bankruptcy laws and the impact of debtors seeking improper relief from the federal courts.

Under both the Federal Rule of Civil Procedure 65 and Federal Rule of Bankruptcy Procedure 7065, provision is made for a person to obtain injunctive relief pending resolution of a law suit. The Bankruptcy Code does not provide a free-standing alternative method to obtain a litigation injunction. The automatic stay exists to further the administration of the bankruptcy case, which includes the prosecution of a confirmable Chapter 13 plan.[9]

The court considers that the public interest also takes into account that parties asserting rights in federal and state courts are expected to assert such rights and interests as they exist at law. Federal Rule of Civil Procedure 11 and Federal Rule of Bankruptcy Procedure 9011 provide the basic limitations on the "creativity" of the parties in interpreting the law and advancing legal theories. Asserting claims and theories contrary to the Bankruptcy Code are not in the public interest.

At best this factor is neutral and likely weighs against the Debtors.

---

[9] This is also true in Chapter 11 cases, in which a debtor in possession or debtor, if a Chapter 11 trustee has been appointed, can attempt to prosecute the case through confirmation of a Chapter 11 plan. This process is much more complex in a Chapter 11 case in which the debtor must not only present the court with an otherwise confirmable plan and approved disclosure statement, but must obtain the votes of creditors in favor of confirmation, majority in number and super majority in dollar amount in at least one class of impaired claims. If not all classes vote in favor of confirmation, then the debtor must also comply with the heightened cram-down provisions of 11 U.S.C. § 1129(b). *See generally* 11 U.S.C. §§ 1122-1123, 1125-1126, 1129.

**VI.   The Debtors Have Not Been Denied Due Process**

Debtors' Reply to U.S. Bank, N.A.'s opposition is less of a response than an attempt to assert a new argument.  In it, Debtors argue they were denied their due process rights when they failed to receive a hearing on their objection to claim before the court ruled on the motion to convert or dismiss.  They contend that the court was required to hold a separate hearing on their objection to claim to determine that U.S. Bank, N.A. had standing before the court could consider the motion.

As discussed, the objection to claim as asserted by the Debtors must be brought and concluded as an adversary proceeding because of the relief requested.   The objection to claim was consolidated with the Adversary Proceeding filed by the Debtors which relates to the same facts and allegations. The relief sought in the Objection to Claim, DCN BLS-7, and Adversary Proceeding challenging U.S. Bank, N.A.'s claim and standing include:

> a.   The validity and perfection of the alleged lien securing the claim.   Dckt. 86.
>
> b.   The Objection to Claim also seeks injunctive relief, seeking the court to order U.S. Bank, N.A. to file an amended claim that corrects the alleged defects, provide evidence to the Debtors of a chain of title for the promissory note and deed of trust, and provide the original note and deed of trust with "wet signatures."
>
> c.   The Objection to Claim further requested that if U.S. Bank, N.A. fails to comply with such mandatory injunction by October 5, 2010, that the court then disallow Proof of Claim No. 17 filed by U.S. Bank, N.A.[10]
>
> d.   The Complaint further seeks relief avoiding the interests of U.S. Bank pursuant to 11 U.S.C. §§ 544, 547, and 548.

---

[10]   On September 18, 2010, U.S. Bank, N.A. filed an amended proof of claim, number 18 on the Clerk's Registry of Claims.   The court does not render any opinion on the adequacy of the amendment with respect to the Debtors' adversary proceeding and the objection to claim which is consolidated with the adversary proceeding.

The avoidance of any such interests are preserved for the benefit of the Estate and not the Debtors personally. 11 U.S.C. § 551.

e. The Complaint asserts that the bankruptcy estate's interest in the property is free and clear of any interest of U.S. Bank, N.A., and such property will be administered through the bankruptcy case and Chapter 13 Plan.

While litigating the standing of U.S. Bank, N.A. by attacking the claim and security interest, including asserting the avoiding powers of the estate, the Debtors have repeatedly, and now with the assistance of their counsel, failed to propose a plan which provides for this claim and asset. The Debtors contend that since they assert they do not know who is actually entitled to be paid, the sections of the Bankruptcy Code which require provision for such claim do not apply to these Debtors. Debtors' suggestion that they are not bound by the law and requirements for a Chapter 13 plan is in error. Further, even if the Debtors were in a Chapter 11, this claim is secured only by the Debtors' residence and must be paid on the contractual terms, for which no modification can be made through a plan without the consent of the creditor. The Debtors admit that they do not have the consent of any creditor to modify this claim.

As discussed, *supra*, to proceed in their Chapter 13 case, the minimal action of the Debtors is that they prosecute a confirmable plan. Given that creditors do not vote for or against confirmation of a Chapter 13 plan, this is a straightforward process for a debtor and subject to the determination by the court. The Debtors had more than one year to prosecute a Chapter 13 Plan which complied with 11 U.S.C. §§ 1322 and 1325 and could be confirmed. They have chosen not to prosecute their case through a confirmable

1  plan, electing to operate outside of the limits of the Bankruptcy

2  Code.

3      The Debtors have not been denied due process in this

4  bankruptcy case.  The court properly has considered the motion to

5  convert or dismiss filed by a party in interest.  The Debtors had

6  notice of the motion, the continued hearings on the motion, filed

7  oppositions to the motion, given repeated opportunities to

8  prosecute a confirmable Chapter 13 Plan, obtained the assistance of

9  counsel, and present all arguments as to why they did not have to

10 provide for the disputed claim as provided in 11 U.S.C. §§ 1322,

11 1325, 1123(b)(5) and 1129.

12     The Debtors have not been denied due process with respect to

13 this court converting the case to one under Chapter 7.

14                          **CONCLUSION**

15     Debtors have failed to meet their burden for obtaining a stay

16 pending appeal.  They have not and do not propose to comply with

17 the Bankruptcy Code for confirming a plan under either Chapter 11

18 or Chapter 13.  The Debtors have not been denied Due Process.  The

19 Motion for a Stay Pending Appeal is denied.  The court shall issue

20 a separate order denying the Motion for Stay Pending Appeal.

21     This Memorandum Opinion and Decision constitutes the court's

22 findings of fact and conclusions of law pursuant to Federal Rule of

23 Bankruptcy Procedure 9014 and 7052, and Federal Rule of Civil

24 Procedure 52.

25 Dated: September 6 , 2011

26

27 _____

   RONALD H. SARGIS, Judge

28 United States Bankruptcy Court

                              27

This document does not constitute a certificate of service.  The parties listed below will be served a separate copy of the attached document(s).

Alan Wolf
2955 Main St 2nd Fl
Irvine, CA 92614

Brian Tran
1231 E Dyer Rd #100
Santa Ana, CA 92705

George Gingo
PO Box 706
Mims, FL 32754

Robert Esposito
2 Embarcadero Center #1410
San Francisco, CA 94111

BAC Home Loans Servicing LP
7105 Corporate Dr
Plano, TX 75024

David M. Gonden
Trombadore Gonden Law Group LLP
225 Bush St, 16th Flr
San Francisco, CA 94104

Berenice Thoreau de la Salle
PO Box 9399
Mammoth Lakes, CA 93546

Pierre Thoreau de la Salle
PO Box 9399
Mammoth Lakes, CA 93546

John Roberts
PO Box 1506
Placerville, CA 95667

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814