

FILED

JUN 15 2012

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>BERENICE THOREAU de la SALLE<br>and PIERRE THOREAU de la SALLE,<br><br>           Debtor(s). | Case No. 10-29678-E-7<br>Docket Control No. BLS-7 |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

### MEMORANDUM OPINION AND DECISION

The court is presented with an objection filed by Bernice de la Salle ("Debtor"), one of the original debtors in this case,[1] to a proof of claim filed by U.S. Bank, N.A., Trustee for the Certificateholders of SARM 05-19XS ("U.S. Bank, N.A., Trustee").

### BACKGROUND

The bankruptcy case was commenced as a Chapter 13 case on April 15, 2010, and converted to one under Chapter 7 on May 9, 2011. The objection to claim was filed by Debtor prior to conversion of the case to one under Chapter 7. In addition to the

---

[1] During the pendency of this case Pierre Thoreau de la Salle, the co-debtor, passed away. The Debtor has continued in the prosecution of her bankruptcy case.

objection to claim, the Debtor also filed an adversary proceeding against U.S. Bank, N.A., Trustee, E.D. Cal. Bankr. Adv. No. 10-02642, prior to conversion of the case to one under Chapter 7.

U.S. Bank, N.A. Trustee filed Proof of Claim No. 17 on August 20, 2010, and Proof of Claim No. 18 (which amended Proof of Claim No. 17) on September 16, 2010. The claim is based on a promissory note dated April 25, 2005, in the principal amount of $668,000.00, for which "America's Wholesale Lender is the named payee" ("Note"). The claim is asserted to be secured pursuant to a deed of trust dated April 25, 2005, in which America's Wholesale Lender is identified as the Lender and Mortgage Electronic Registration Systems, Inc. is identified as the beneficiary as the nominee of Lender ("Deed of Trust"). Copies of the Note and Deed of Trust are attached to Proof of Claim No. 17.

The objection to claim states the following grounds upon which the Debtor asserts that the claim should be disallowed:

    1.    The proof of claim is not accompanied by evidence that U.S. Bank, N.A., Trustee has authority to bring the claim.

    2.    U.S. Bank, N.A., Trustee has not met its threshold burden of standing.

    3.    U.S. Bank, N.A., Trustee has not proven that the security interest it relies upon has been perfected, as required by Federal Rule of Bankruptcy Procedure 3001(d).

The relief requested in the objection is that (1) U.S. Bank, N.A., Trustee be required to file an amended proof of claim, (2) U.S. Bank, N.A., Trustee be required to provide the complete chain of title for both the Note and Deed of Trust upon which its claim is based, (3) U.S. Bank, N.A., Trustee be required to provide the original Note and Deed of Trust, with "wet signatures," upon

which its claim is based, and (4) if U.S. Bank, N.A., Trustee fails to provide the documents, the court disallow its claim in the bankruptcy case.

The Adversary Proceeding asserted various claims that the Deed of Trust which was purported to secure the U.S. Bank, N.A., Trustee claim was no longer effective or enforceable. The Debtor sought a declaration that the rights of the estate, as a hypothetical lien creditor or bona fide purchaser for value, were superior in the Real Property to that of U.S. Bank. The Complaint also sought to quiet title between the Debtor and U.S. Bank, N.A., Trustee with respect to the Real Property on various grounds, including that lien is defective on its face, the lien has been bifurcated from the Note, and that U.S. Bank, N.A., Trustee does not have an interest in the Note and Deed of Trust.

U.S. Bank, N.A., Trustee filed a motion to dismiss the Adversary Proceeding. The court determined that all but one of the claims asserted in the Adversary Proceeding were barred under the doctrine of *Res Judicata* or Claims Preclusion based on a prior final order dismissing with prejudice an action commenced by the Debtors against U.S. Bank, N.A., Trustee in the United States District Court for the Eastern District of California. Adv. Dckt. 50. The court did not dismiss claims which arose under 11 U.S.C. § 544, a trustee's lien avoiding powers.

The court rejected U.S. Bank, N.A., Trustee's contention that the Debtor, as a Chapter 13 debtor, did not have standing to assert the Bankruptcy Code avoiding powers because she was not a trustee or debtor in possession. The court held that in the absence of a trustee, the Chapter 13 Debtor had standing to assert claims

arising under 11 U.S.C. § 544 to recover property for or assert rights of the bankruptcy estate. *See Houston v. Eiler (In re Cohen)*, 305 B.R. 886 (B.A.P. 9th 2004).

The court administratively consolidated the objection to claim with the adversary proceeding for discovery and trial/evidentiary hearing. To the extent that an objection to claim requests relief of the kind specified in Federal Rule of Bankruptcy Procedure 7001 (which includes declaratory relief; determining the validity, extent and priority of a lien; and injunctive relief), such objection must be made through an adversary proceeding.

## ROLE OF CHAPTER 7 TRUSTEE

After conversion of the case, the Chapter 7 Trustee asserted his status as the real party in interest in Adversary Proceeding 10-2642. The Trustee has filed a motion to approve a compromise of the litigation with U.S. Bank, N.A., Trustee on the issues remaining in that Adversary Proceeding.

The Trustee has not substituted in or asserted the right to proceed with an objection to the claim of U.S. Bank, N.A., Trustee. The Debtor has independently proceeded with the objection to claim. On May 25, 2012, the Debtor's discharge was entered. Dckt. 378.

Pursuant to the order setting this evidentiary hearing, the parties addressed in their hearing briefs the issue of whether the Debtor has standing to prosecute an objection to the claim of U.S. Bank, N.A., Trustee when the Trustee has elected not to prosecute such objection.

## STANDING TO OBJECT TO CLAIM

In determining who may object to a claim, the court considers

4

the purpose underlying why a claim is filed in a bankruptcy case. For a creditor to receive a distribution in a Chapter a 7 case, 11 U.S.C. § 726(a); Chapter 12 case, 11 U.S.C. § 1225; and Chapter 13 case, 11 U.S.C. § 1325, distributions are to be made only for creditors who have filed allowed claims. For Chapter 9 and 12 cases, there must be either a proof of claim or the claim is not listed by the debtor as disputed, contingent, or unliquidated. 11 U.S.C. §§ 924, 925, 1111(a).

The issue of who is a "party in interest" for purposes of 11 U.S.C. § 502(a) and (b) has been addressed by a number of courts. COLLIER ON BANKRUPTCY, SIXTEENTH EDITION, ¶ 5.02.02[2][d] provides the following discussion of a Chapter 7 debtor's right to object to a claim as follows:

> The debtor may be a party in interest with standing to object to a proof of claim. Particularly in chapter 12 and chapter 13 cases, the success of the debtor's plan may depend upon the debtor's being able to argue successfully that the debt asserted as a priority claim or a secured claim, which must often be paid in full, is excessive or invalid. Typically, the trustee in such cases does not view it as his or her role to object to particular claims except, perhaps, if they have been tardily filed.
>
> In a chapter 7 case, or a chapter 11 case in which the debtor is not in possession, the debtor usually has no pecuniary interest that would justify objecting to a claim unless there could be a surplus after all claims are paid. An individual debtor, however, in such a case may sometimes have an interest in objecting to particular claims. For example, the debtor may wish to object to an excessive dischargeable claim whose holder would receive distributions that otherwise would be made to the holder of a nondischargeable claim. To the extent that a nondischargeable claim is satisfied in some measure by a distribution, it is in the debtor's interest to maximize the distribution, thereby relieving the debtor from some or all of the claim of that creditor which would survive the bankruptcy case. The debtor also has an interest if there is any chance that a disallowance will yield a solvent estate that would provide a return to the debtor. The same reasoning applies to equity holders of the

debtor. Thus, a debtor may be afforded standing, in certain instances, to object to claims.

The Fourth Circuit Court of Appeals addressed this issue in *Grausz v. Englander*, 321 F.3d 467, 473 (4th Cir. 2003), concluding that a Chapter 7 debtor was a "party in interest" when the outcome of the proceeding could result in there being additional monies to pay nondischargeable debts.

> In the bankruptcy context a party in interest is one who has a pecuniary interest in the distribution of assets to creditors. *Willemain v. Kivitz*, 764 F.2d 1019, 1022 (4th Cir. 1985)...If legal fees were reduced or disallowed, there would be more money available in the estate to pay the non-dischargeable priority claims, and Grausz's personal liability would be reduced. Grausz therefore had a pecuniary interest in the outcome of the fee applications, making him a party in interest to that proceeding.

In discussing appeals taken from orders concerning claims and administrative expenses, the Ninth Circuit Court of Appeals concluded that,

> Only those persons who are directly and adversely affected pecuniarily by an order of the bankruptcy court have been held to have standing to appeal that order. *Hartman Corp. of America v. United States*, 304 F.2d 429, 431 (8th Cir. 1962); see *Skelton v. Clements*, 408 F.2d 353 (9th Cir.), *cert. denied*, 394 U.S. 933, 89 S. Ct. 1202, 22 L. Ed. 2d 462 (1969). Thus, a hopelessly insolvent debtor does not have standing to appeal orders affecting the size of the estate. *E.g., Skelton v. Clements*, 408 F.2d at 354. Such an order would not diminish the debtor's property, increase his burdens, or detrimentally affect his rights. *In re Capitano*, 315 F. Supp. 105, 107 (E.D. La. 1970).

*Fondiller v. Robertson (In re Fondiller)*, 707 F.2d 441, 442 (9th Cir. 1982).

Generally, an insolvent debtor does not have standing to object to a claim and is not a party in interest because the debtor has no pecuniary interest in the distribution of assets among

6

creditors. *In re Jorczak*, 314 B.R. 474, 479 (Bankr. D. Conn. 2004); *Wellman v. Ziino (In re Wellman)*, 2007 Bankr. LEXIS 4291, 4-6 (B.A.P. 9th Cir. Nov. 9, 2007). The Chapter 7 Trustee is the legal representative of the estate and "[o]nly a trustee can pursue a cause of action belonging to the bankruptcy estate," including the allowance and disallowance of claims. *Stoll v. Quintanar (In re Stoll)*, 252 B.R. 492, 495 (B.A.P. 9th Cir. Cal. 2000); *Heath v. Am. Express Travel Related Servs. Co. (In re Heath)*, 331 B.R. 424, 429 (B.A.P. 9th Cir. 2005). With regard to prosecuting claims objections, a debtor lacks standing to object unless he or she would be injured in fact by the allowance of the claim. *Cheng v. K&S Diversified Invs., Inc. (In re Cheng)*, 308 B.R. 448, 454 (B.A.P. 9th Cir. 2004).

Where an estate will have a surplus that will be returned to the debtor after all the creditors have been paid in full, providing the debtor with an economic interest similar to that of creditors who will be paid in full, a Chapter 7 debtor may have standing to object to a claim. *In re Wellman*, 2007 Bankr. LEXIS at 4-6. "Debtors only have standing to object to claims where there is a "sufficient possibility" of a surplus to give them a pecuniary interest." *Id.* In *Jorczak* the court found that there was a sufficient possibility where an asset had a claimed value of $136,000.00 and potential claims totaled $55,000.00. 314 B.R. at 479-80.

**PARTY IN INTEREST STANDING ASSERTED BY DEBTOR**

No contention has been made that U.S. Bank, N.A., Trustee will be paid on its claim in this Chapter 7 case by the Trustee. No dispute was raised to the contention that the Debtor is insolvent.

7

1  It has not been asserted that the objection to claim could affect
2  the administration of the estate and yield a pecuniary effect for
3  the Debtor (surplus estate, payment of nondischargeable debts).
4      Issues concerning the extent, validity, and priority of the
5  lien asserted by U.S. Bank, N.A., Trustee must be asserted through
6  an adversary proceeding.  Federal Rule of Bankruptcy Procedure
7  7001.  Those rights were raised and advanced in Adversary
8  Proceeding 10-2642 which is now under the control of the Chapter 7
9  Trustee.  Further, the court granted the U.S. Bank, N.A., Trustee
10 motion to dismiss all claims in that Adversary Proceeding based on
11 *issue preclusion* and *res judicata* attacking the extent, validity,
12 and priority of the Deed of Trust and Note.  The Debtor cannot
13 attempting to resurrect those issues through this claim objection.
14     At oral argument the Debtor confirmed that her concern was
15 that an "order" of the bankruptcy court relating to the proof of
16 claim could be used by U.S. Bank, N.A., Trustee as an adjudication
17 of her personal rights.  Upon further discussion, given that the
18 only order to be entered would be on the Debtor's objection to
19 claim, this point was clarified by the Debtor to be a concern that
20 her failing to object to a claim would constitute an adjudication
21 of her rights as to U.S. Bank, N.A., Trustee's asserted interest in
22 and rights to the Note and Deed of Trust.
23     U.S. Bank, N.A., Trustee agreed on the record that the filing
24 of the proof of claim and the absence of an objection thereto would
25 not constitute an adjudication of rights or interests as between
26 the Debtor and U.S. Bank, N.A., Trustee concerning the Note and
27 Deed of Trust.  In addressing the standing issue, U.S. Bank, N.A.,
28 Trustee has asserted that the Debtor does not have standing based

on the lack of a pecuniary interest concerning the claim and the administration of the bankruptcy case.[2] The U.S. Bank, N.A., Trustee analysis of the lack of pecuniary interest is based on the Chapter 13 Trustee's final report of claims, stated to be,

```
Disputed Secured Claims         $824,462.33
Priority Claims                 $  8,721.97
General Unsecured Claims        $406,408.95
```

Chapter 13 Trustee's Final Report, Dckt. 280. The U.S. Bank, N.A., Trustee computation of the estate assets total approximately $604,000.00, again based on the Chapter 13 Trustee's Final Report and Schedules in this case. Dckt. 280, Page 1; Dckt. 83, Page 5. As a result, Debtor cannot demonstrate injury in fact because she does not have a pecuniary interest in the estate or administration of the estate.

**FAILURE OF DEBTOR TO SHOW PARTY IN INTEREST STATUS AND STANDING**

The Debtor has not shown how or why her objection to claim will result in any additional amounts of money be made available to her or for her benefit from the distributions to be made by the Trustee. The Debtor has not shown how there is a surplus estate which will be increased by the court's ruling on the objection to claim.

To the contrary, the Debtor has shown that the objection to claim ruling is intended to have no impact on the bankruptcy case, but adjudicate rights between the Debtor and U.S. Bank, N.A.,

---

[2] Clearly, U.S. Bank, Trustee could not have it both ways – contending that the Debtor does not have standing to object to the claim and that the failure to object to the claim results in the proof of claim having *res judicata* or issue preclusion effect as to the Debtor. U.S. Bank, N.A., Trustee's agreement is the logical conclusion drawn from its defense that the Debtor does not have standing to litigate the issues in a claims objection.

9

Trustee concerning issues outside of the bankruptcy case. Merely because a person files bankruptcy does not render the bankruptcy court the "be all and end all" for litigating any and all disputes.

Here, the estate is insolvent and there is no evidence that the estate will have a surplus to be returned to Debtor. Therefore Debtor does not have standing to object to a claim because Debtor has no pecuniary interest in the property of the estate and will not benefit if the estate is enlarged. *In re Stoll*, 252 B.R. 492 at 495.

The requirement of there being an actual pecuniary interest flowing through the bankruptcy case for a Chapter 7 debtor to have "Party in Interest" status is consistent with the general law concerning standing in federal court. Standing must be determined to exist before the court can proceed with the case. *Sacks v. Office of Foreign Assets Control*, 466 F.3d 764, 771 (9th Cir. 2006). Even when neither party raises the issue of whether Debtor has standing to object to U.S. Bank's claim, the court may raise it *sua sponte*. See Federal Rules of Civil Procedure 12(h)(3).

To demonstrate standing, a person must have a legally protected interest, for which there is a direct stake in the outcome. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64, 117 S.Ct. 1055 (1997). The Supreme Court provided a detailed explanation of the Constitutional case in controversy requirement in *Northeastern Florida Chapter of Associated General Contractors of America v. City of Jacksonville Florida*, 508 U.S. 656, 663, 113 S.Ct. 2297 (1993). The party seeking to invoke federal court jurisdiction must demonstrate (1) injury in fact, not merely conjectural or hypothetical injury, (2) a causal relationship

between the injury and the challenged conduct, and (3) that the prospect of obtaining relief from the injury as a result of a favorable ruling is not too speculative. *Id*.

An overlay to the basic Constitutional requirements was recently addressed *Stern v. Marshall*, ___ U.S. ___, 131 S. Ct. 2594 (2011), by the Supreme Court concerning the proper exercise of federal judicial power by an Article I bankruptcy judge. Notwithstanding the comprehensive regulatory scheme enacted by Congress in creating the current Bankruptcy Code and the recognized authority of a bankruptcy referee (pre-Bankruptcy Code) and current bankruptcy judges to enter final judgments and orders on a myriad of matters, including objections to claims, the Supreme Court addressed the proper line drawn between an Article I judge exercising the judicial power of the United States in the context of a bankruptcy case. In *Stern*, the Supreme Court found that the bankruptcy judge determined a counterclaim which did not necessarily need to be determined as part of the claim objection. The Supreme Court found that the Article I bankruptcy judge issuing a judgment on the counterclaim under those circumstances was an improper intrusion on the Article III judicial power.

For this bankruptcy court to address the present objection for which there is no pecuniary interest of the Debtor relating to the administration of the bankruptcy case, it would likewise be an improper intrusion on the powers of the Article III judges and state court judges. The Debtor's disputes with U.S. Bank, N.A., Trustee have nothing to do with it having a claim in the bankruptcy case, the administration of the bankruptcy case, or distribution to creditors in the bankruptcy case.

**RULING**

The court overrules the objection to claim without prejudice based on the Debtor not being a party in interest as required by 11 U.S.C. § 502(a) and not having standing to prosecute the objection to Proofs of Claim Nos. 17 and 18 under the facts of this case. Overruling the objection to claim and the existence of the unobjected to proofs of claim filed by U.S. Bank, N.A., Trustee are deemed not to be an adjudication of rights between the parties to this objection to claim. U.S. Bank, N.A., Trustee and the Debtor agreed on the record that the proof of claim filed by U.S. Bank, N.A., Trustee would not be an adjudication of rights, or give rise to *res judicata* or claims preclusion.[3] This agreement and ruling is without prejudice to the effect of any other rulings, orders, or judgments entered by this court or any other court.

The court shall issue a separate order overruling the objection to claim without prejudice. This Memorandum Opinion and Decision constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52 and Federal Rules of Bankruptcy Procedure 7052 and 9014.

Dated: June 15, 2012

RONALD H. SARGIS, Judge
United States Bankruptcy Court

---

[3] As addressed in the Restatement of Law Second, agreement by the parties or reservation of rights for a party as not having been determined in a judicial proceeding, the court determining that there is a lack of jurisdiction or nonjoinder of parties, or the court ordering dismissal of a proceeding without prejudice are separate and independent grounds for there being no *res judicata*, collateral estoppel, or claims preclusion effect given from a judicial proceeding in other judicial proceedings. Restatement of Law Second, Judgements 3d, Chapter 3, Former Adjudication: the Effects of Judgment, §§ 20, 26(a), (b).

1 **CERTIFICATE OF MAILING**

2      The undersigned deputy clerk in the office of the United
States Bankruptcy Court for the Eastern District of California
3 hereby certifies that the attached document(s) was served by mail
to the following entities listed at the address(es) shown below:
4
Service List:
5
George Gingo
6 PO Box 706
Mims, FL 32754
7
Office of the U.S. Trustee
8 Robert T Matsui United States Courthouse
501 I Street, Room 7-500
9 Sacramento, CA 95814

10 John Roberts
PO Box 1506
11 Placerville, CA 95667

12 Berenice Thoreau de la Salle
PO Box 9399
13 Mammoth Lakes, CA 93546

14

15

16 DATE: 6/19/12                    _____
17                                   Deputy Clerk
18                                              mgas
19
20
21
22
23
24
25
26
27
28